**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: April 11 2007

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 04-38603 |
| | ) | |
| Steve M. Tobis and Kathleen Tobis, | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER

This case came before the court for hearing on a Motion to Dismiss/and or Bar Trustee from State Action ("Motion") [Doc. # 78] filed by Debtors. Both the Chapter 7 Trustee and counsel for Debtors appeared in person. At the hearing, the parties agreed that the issue raised in the Motion and to be decided by the court is whether Debtors' interest in claims brought by them in state court against Medical Mutual of Ohio[1] ("MMO") is an asset of the bankruptcy estate. The parties further agreed that the court should rely on exhibits submitted at a previous hearing held on May 9, 2006, in connection with the Trustee's motion to compromise Debtors' claims[2] and the docket of the state court case. For the reasons that follow, the court finds that Debtors' interests in the claims are property of the bankruptcy estate. The Motion will, therefore, be denied.

Debtors' claims against MMO arise from MMO's cancellation of Debtors' medical insurance

---

[1] Although the state court action was twice removed to the federal district court, both times it was remanded back to the state court.

[2] The Trustee's motion to compromise was subsequently withdrawn. [*See* Doc. # 70].

coverage following the discovery of omissions on insurance application forms submitted to MMO. In their complaint, Debtors alleged claims for bad faith, breach of contract and unjust enrichment. The state court ultimately concluded that regardless of the label placed on the claims, Debtors' claims are for the recovery of an ERISA plan benefit. The state court, therefore, granted MMO partial summary judgment on the state claims and found that Debtors are not entitled to a jury trial on the ERISA claims.

In support of their argument that their interests in the claims are not property of the bankruptcy estate, Debtors rely on the state court ruling that their claims are governed by ERISA and on cases applying 11 U.S.C. § 541(c)(2).[3] Section 541(c)(2) provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." In order to exclude property from the bankruptcy estate, a court must find that the debtor has a beneficial interest in a trust, that there is a restriction on the transfer of that interest, and that the restriction is enforceable under nonbankruptcy law. *Taunt v. Gen. Ret. Sys. of Detroit (In re Wilcox)*, 233 F.3d 899, 904 (6th Cir. 2000). "Relevant nonbankruptcy law" includes federal law such as ERISA. *Patterson v. Shumate*, 504 U.S. 753, 759 (1992). Debtors bear the burden of demonstrating that all of the requirements of § 541(c)(2) are met. *Rhiel v. Adams (In re Adams)*, 302 B.R. 535, 540 (B.A.P. 6th Cir. 2003).

In this case, Debtors argue that because their medical insurance plan is an ERISA plan and, thus, their claims and remedies are governed by ERISA, as determined by the state court, their claims are excluded from property of the bankruptcy estate under § 541(c)(2). However, § 541(c)(2) does not exclude a debtor's interest in all ERISA plans. *See id.* at 544-545 (finding that debtor failed to meet her burden of proof under § 541(c)(2), notwithstanding the fact that her § 403(b) annuity pension plan was ERISA-qualified, since she failed to show that she was a beneficiary of a trust). Debtors have failed to show that their claims against MMO represent a beneficial interest in a trust or that there is a restriction on the transfer of that interest. The ERISA plan at issue in this case is an employee welfare benefit plan, not a pension plan. *See* 29 U.S.C. § 1002(1) (defining a welfare benefit plan as a plan established or maintained "for the purpose of providing, among other things, medical benefits for its participants or their beneficiaries, through the purchase of insurance or otherwise. . . ," and specifically excluding pension benefits from that

---

[3] Debtors also cite 11 U.S.C. § 541(b)(7)(B)(i)(I), which excludes from property of the bankruptcy estate amounts "received by an employer from employees for payment as contributions to . . . an employee benefit plan that is subject to title I of the Employee Retirement Income Security Act of 1974 . . . ." This subsection, however, was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA" or "the Act"), effective October 17, 2005. Because Debtors' bankruptcy case was filed on October 13, 2004, before the effective date of the Act, that subsection is not applicable. *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, sec. 1501(b)(1), Pub. L. No. 109-8, 119 Stat. 23, 216 (stating that, unless otherwise provided, the amendments do not apply to cases commenced under Title 11 before the effective date of the Act). As such, all references to the Bankruptcy Code in this opinion are to the pre-BAPCPA version of the Code.

definition).  Although, ERISA requires that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated," 29 U.S.C. § 1056(d)(1), the court is unaware of any such requirement with respect to welfare benefit plans, and Debtors have failed to demonstrate that their ERISA plan includes any similar restriction on the transfer of an interest in the plan.  ERISA also requires that all assets of an employee benefit plan shall be held in trust, but provides certain exceptions to that requirement, including "any assets of a plan that consist of insurance contracts or policies issued by an insurance company qualified to do business in a State" and "any assets of such an insurance company. . . ."  29 U.S.C. § 1103(a) and (b)(1) and (2).  Thus, just because a welfare benefit plan is an ERISA plan, it does not automatically follow that its assets are held in trust.  To the extent that the welfare benefit plan at issue here is funded through the purchase of insurance policies, Debtors do not have a beneficial interest in a trust.  This court cannot find, as Debtors' argument requires, that they have met the requirements of § 541(c)(2) simply based on the fact that the state court has determined that their claims against MMO are governed by ERISA.

The cases cited by Debtors do not persuade the court otherwise.  All but one of the cases address ERISA-qualified pension plans, not welfare benefit plans, that were subject to the § 1056(d)(1) requirement of an antialienation provision.  *See Nelson v. Ramette (In re Nelson)*, 322 F.3d 541 (8th Cir. 2003); *In re McClellan*, 99 F.3d 1420 (7th Cir. 1996); *In re Ralstin*, 61 B.R. 502 (Bankr. D. Kan. 1986).  The one case that did not address an ERISA-qualified pension plan addressed a trust corpus that was subject to a valid restraint on transferability under state law.  *Myler v. Arney (In re Arney)*, 35 B.R. 668 (Bankr. N.D. Ill. 1983).  None of the cases stand for the proposition that a debtor's interest in any ERISA-qualified plan is excluded from property of the bankruptcy estate.  Accordingly, the court finds that Debtors have failed to meet their burden under § 541(c)(2) and further finds that Debtors' interests in claims against MMO are property of the bankruptcy estate.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Debtors' Motion [Doc. # 78] be, and hereby is, **DENIED.**